# United States Court of Appeals

## For the First Circuit

No. 15-1069

DIANA DEL GROSSO;
RAY SMITH; JOSEPH HATCH; CHERYL HATCH;
KATHLEEN KELLEY; ANDREW WILKLUND; RICHARD KOSIBA,

Petitioners,

v.

SURFACE TRANSPORTATION BOARD; UNITED STATES,

Respondents,

GRAFTON & UPTON RAILROAD COMPANY,

Intervenor.

PETITION FOR REVIEW OF A FINAL ORDER OF THE SURFACE
TRANSPORTATION BOARD

Before

Torruella, Selya, and Dyk,[*]
<u>Circuit Judges</u>.

**MEMORANDUM AND ORDER ON
PETITIONS FOR PANEL REHEARING**

February 5, 2016

---

[*]Of the Federal Circuit, sitting by designation.

**DYK, <u>Circuit Judge</u>**.  An October 16, 2015, decision of this panel vacated a declaratory order by the Surface Transportation Board ("Board") and remanded for further proceedings.  <u>Del Grosso</u> v. <u>Surface Transp. Bd.</u>, 804 F.3d 110 (1st Cir. 2015).  That declaratory ruling had determined that state and local law was preempted with respect to a transloading facility in Upton, Massachusetts.

The Board and the United States ("respondents") petitioned for panel rehearing on November 30, 2015.  Respondents' petition was denied on December 14, 2015.  A separate petition for panel rehearing and rehearing en banc filed by intervenor Grafton & Upton Railroad Company remains pending.  We deny the intervenor's petition for panel rehearing and explain why both the respondents' petition and the intervenor's petition lack merit.

Both petitions allege that the panel erred in declining to review the Board's order under the deferential <u>Chevron</u> standard. <u>Chevron U.S.A., Inc.</u> v. <u>Nat. Res. Def. Council, Inc.</u>, 467 U.S. 837 (1984).  For example, respondents argue that "[t]here is no dispute that the term 'transportation by rail carrier' in [49 U.S.C.] § 10501(a) is ambiguous and that the definition of 'transportation' is an issue within the Board's expertise.  In that situation, the law is clear that an agency's interpretation of the ambiguous statutory jurisdictional term is entitled to <u>Chevron</u> deference."

Resp'ts' Pet. at 3 (citing <u>City of Arlington</u> v. <u>FCC</u>, 133 S. Ct. 1863, 1871 (2013)); <u>see also</u> Intervenor's Pet. at 3-4.

An agency's expertise with respect to a statute does not automatically require a grant of <u>Chevron</u> deference to the agency's interpretation of that statute. <u>See, e.g.</u>, <u>United States</u> v. <u>Mead Corp.</u>, 533 U.S. 218, 234 (2001) (no <u>Chevron</u> deference to Customs classification rulings). For <u>Chevron</u> deference to apply, the interpretation must be in an area where Congress has delegated authority to the agency. In other words, the interpretation must relate to the agency's congressionally delegated administration of the statute, typically its exercise of regulatory authority. "<u>Chevron</u> deference . . . is not accorded merely because the statute is ambiguous and an administrative official is involved. To begin with, the rule must be promulgated pursuant to authority Congress has delegated to the official." <u>Gonzales</u> v. <u>Oregon</u>, 546 U.S. 243, 258 (2006) (citing <u>Mead</u>, 533 U.S. at 226-27).

In <u>Mead</u>, the Supreme Court declined to apply <u>Chevron</u> deference to certain declaratory rulings by the Customs Service, given that "the terms of the congressional delegation give no indication that Congress meant to delegate authority to Customs to issue classification rulings with the force of law." <u>Mead</u>, 533 U.S. at 231-32, 234. "[<u>Mead</u>] requires that, for <u>Chevron</u> deference to apply, the agency must have received congressional authority to

-3-

determine the particular matter at issue in the particular manner adopted."  City of Arlington, 133 S. Ct. at 1874.

Here the Board interpreted the term "transportation" as it appears in 49 U.S.C. § 10501(b), the preemption provision of the Board's authorizing statute, the Interstate Commerce Commission Termination Act ("ICCTA").  Del Grosso, STB Docket No. FD 35652, 2014 WL 6852990, at *2 (S.T.B. Dec. 5, 2014).  As the panel's opinion notes, the Supreme Court's decision in Wyeth v. Levine held that agencies have "no special authority to pronounce on pre-emption absent delegation by Congress."  Wyeth v. Levine, 555 U.S. 555, 576-77 (2009); see also Del Grosso, 804 F.3d at 116.  Wyeth declined to apply Chevron deference to agency preemption decisions, as our sister circuits have recognized.  Wyeth, 555 U.S. at 576-77; see, e.g., Seminole Tribe of Fla. v. Stranburg, 799 F.3d 1324, 1338 (11th Cir. 2015); Steel Inst. of N.Y. v. City of New York, 716 F.3d 31, 39-40 (2d Cir. 2013); In re Universal Serv. Fund Tel. Billing Practice Litig., 619 F.3d 1188, 1200 (10th Cir. 2010); Franks Inv. Co. v. Union Pac. R.R. Co., 593 F.3d 404, 413-14 (5th Cir. 2010); see also Del Grosso, 804 F.3d at 116-17.

To be sure, when an agency takes regulatory action under an authorizing statute and preemption is a collateral consequence of that action, there is an implicit delegation to the agency to interpret the statute, just as in other regulatory contexts.  For example, in Smiley v. Citibank (South Dakota), N.A., the Supreme

-4-

Court extended Chevron deference to a regulation by the Comptroller of the Currency that interpreted the term "interest," as it appeared in a provision of the National Bank Act. 517 U.S. 735, 740, 744 (1996). The Court noted that the regulation there was part of a broader program of substantive interest rate and bank regulation undertaken by the Comptroller pursuant to his delegated authority, id. at 739, 742, and that its preemptive effect was merely an ancillary consequence, id. at 743-44.

But here the Board took no substantive regulatory action. The Board undertook to preempt local regulation of the Upton transloading facility rather than to regulate the facility itself. Del Grosso, 804 F.3d at 115. Indeed, the Board apparently believes that it does not possess the authority to approve or disapprove construction of transloading facilities of this type. Id. at 119 n.4; see also, e.g., Nicholson v. ICC, 711 F.2d 364, 368-69 (D.C. Cir. 1983); Borough of Riverdale, 4 S.T.B. 380, 1999 WL 715272, at *4 (1999) (declaratory order) ("Many rail construction projects are outside of the Board's regulatory jurisdiction. For example, railroads do not require authority from the Board to build or expand facilities such as truck transfer facilities, weigh stations, or similar facilities ancillary to their railroad operations . . . .").

This is also not a situation where Congress has directly authorized the Board to preempt state law. Del Grosso, 804 F.3d at

-5-

117 n.3; see also Wyeth, 555 U.S. at 576 & n.9. The Board interpreted the statutory term "transportation" in a declaratory order issued under its ordinary APA powers, not under the regulatory authority it has been granted by the ICCTA. Del Grosso, 804 F.3d at 117 n.3. The situation here is similar to that in Mead, where the Supreme Court held that Chevron deference was not owed to Customs declaratory rulings. Mead, 533 U.S. at 234.

Finally, we note that the Board does not rely here on any rulemaking undertaken pursuant to the authority delegated to it by the ICCTA. See 49 U.S.C. § 1321(a). If the Board had undertaken a general notice and comment rulemaking to decide the scope of its authority, a different issue would be presented.

The intervenor's petition for panel rehearing is DENIED.